﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200116-56794
DATE: January 29, 2021

ORDER

Entitlement to an earlier effective date of October 26, 2015, for a total disability rating based on individual unemployability (TDIU) is dismissed.

FINDING OF FACT

While in appellate status, the Veteran’s claim for an earlier effective date of October 26, 2015, for a TDIU, was granted in a February 2020 rating decision. Therefore, there is no remaining case or controversy pertaining to this claim.

CONCLUSION OF LAW

The criteria for dismissal of the claim for an earlier effective date of October 26, 2015, for a TDIU, have been met. 38 U.S.C. § 7105 (b)(2), (d)(5); 38 C.F.R. § 20.204.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the U.S. Marine Corps from February 1968 to May 1970 and in the U.S. Navy from March 1974 to February 1978.

The rating decision on appeal was issued in January 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies.

In January 2020, the Veteran filed a timely VA Form 10-182, to appeal the matter directly to the Board consistent with the provisions of the AMA. The Veteran selected the Direct Review by a Veterans Law Judge (VLJ) option. Direct review is the appeal option to the Board in which a Board decision is issued based on evidence of record at the time of the prior decision. The Board cannot hold a hearing or accept into the record additional evidence in its direct review. 84 Fed. Reg. 138, 182 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 20.300).

Entitlement to an earlier effective of October 26, 2015, for a total disability rating based on individual unemployability (TDIU) 

In February 2020, the Regional Office (RO) granted an earlier effective date of October 26, 2015, for a TDIU. This was consistent with an earlier Board decision on this matter. As that decision constitutes a full grant of benefits sought with regard to this claim, this matter is no longer in appellate status and must therefore be dismissed. See Baughman v. Derwinski, 1 Vet. App. 563, 566 (1991) & 38 U.S.C. § 7105 (when the benefits sought on appeal are already in effect, the Veteran’s appeal is moot, as the claim is no longer before the Board and must be dismissed as a matter of law).

 

 

MICHAEL D. LYON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Scanlan, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.